IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW JONES, | : |
| Plaintiff, | : |
| v. | : Civ. No. 15-1017-RGA |
| DR. KHALID MIRZA, et al., | : |
| Defendants. | : |

Matthew Jones, Greenwood, Delaware. *Pro Se* Plaintiff.

Joshua H. Meyeroff, Esquire, Morris James LLP, Wilmington, Delaware. Counsel for Defendants Dr. Khaled Mirza and Dover Behavioral Health.

Joseph Clement Handlon, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant Delaware Psychiatric Center.

**MEMORANDUM OPINION**

August 8, 2016
Wilmington, Delaware

*Richard G. Andrews*
**ANDREWS, U.S. District Judge:**

Plaintiff Matthew Jones, who appears *pro se*, filed this action on November 4, 2015 against Dr. Khaled Mirza (improperly named as Dr. Khalid Mirza), Dover Behavioral Health, and Delaware Psychiatric Center (improperly named as Delaware Psychiatric Hospital). He asserts jurisdiction by reason of a federal question. Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and, in turn, plaintiff moves for summary judgment. (D.I. 8, 10, 23, 35). Briefing on the matters is complete. The parties also filed numerous other motions.

**BACKGROUND**

Plaintiff alleges that Dr. Mirza first treated him at the Delaware Psychiatric Center and that medication administered in high doses by Dr. Mirza resulted in a dramatic weight gain, high sugar, and high blood pressure. Plaintiff alleges that Dr. Mirza's treatment could have killed him. Dr. Mirza remained plaintiff's physician at Dover Behavioral Health for two periods despite their poor history and plaintiff's repeated requests for a new physician.

Plaintiff states that he was held on court committal at both hospitals. He alleges that, prior to the time he was sent to Delaware Psychiatric Center, a judge ordered his discharge, but Dover Behavioral Health disregarded the order for discharge and that plaintiff not be sent to Delaware Psychiatric Center. Plaintiff alleges that he was prevented from attending difficult to get medical appointments due to his hospitalization.

The Complaint states that the claims occurred in 2007 and 2015. Medical records attached to the Complaint indicate that Plaintiff was hospitalized at the Delaware Psychiatric Center from February 13, 2007 through April 5, 2007 and treated

by Dr. Mirza during that time. He was admitted to Horizon-Focus of Delaware in April 2008. (D.I. 1, 4). Plaintiff seeks compensatory damages.

## STANDARDS OF LAW

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357-58 (3d Cir. 2014). In reviewing a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* at 358 (quoting *In re Schering Plough Corp. v. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)). In reviewing a factual attack, the court may consider evidence outside the pleadings. *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014)

(quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).

Delaware Psychiatric Center moves for dismissal for want of jurisdiction and on the grounds that it is immune from suit, the claims are time-barred, and the Complaint fails to state a claim upon which relief may be granted. Dr. Mirza and Dover Behavioral Health move for dismissal on the grounds that the claim sounds in negligence, it is time-barred, it fails as a matter of law, and the claims are frivolous.

Plaintiff opposes the motion, moves for summary judgment, and contends that the statute of limitations is inapplicable because circumstances rendered him unable to timely file his complaint and it does not apply to malpractice cases. He also contends

that crimes have been ongoing since 1986 and/or 2005. Plaintiff raises other claims in his combined opposition to the motion to dismiss/motion for summary judgment that were not raised in his Complaint. The Court does not consider these claims as part of the instant Complaint. *See e.g., Bell v. City of Philadelphia*, 275 F .App'x 157, 160 (3d Cir. 2008) ("A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment.").

## DISCUSSION

### Jurisdiction

As currently pled, the Complaint does not raise a federal question. At most, Plaintiff alleges medical negligence. It is well-established that allegations of medical malpractice are not sufficient to establish a constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a constitutional deprivation). Because the Complaint does not raise a federal question, jurisdiction may not lie under 28 U.S.C. § 1331.

In addition, the Court does not have jurisdiction by reason of diversity. The Complaint states that Plaintiff and Defendants are citizens of the State of Delaware and, therefore, the requisites for diversity jurisdiction are not met. *See* 28 U.S.C. § 1332(a)(1). Accordingly, the Court lacks subject matter jurisdiction over this matter.

Nevertheless, the Court will address the other grounds for relief because, as discussed below, Plaintiff will be given leave to amend.

### Eleventh Amendment Immunity

4

It is appropriate to dismiss all claims against Delaware Psychiatric Center because it is immune from suit. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Hence, as an agency of the State of Delaware, the Delaware Psychiatric Center is entitled to immunity under the Eleventh Amendment. *See e.g. State of Delaware Dep't of Health and Social Services v. Sheppard*, 864 A.2d 929 (Del. 2004) (table) (sovereign immunity not waived in case against State by patient who was in the care of the State psychiatric facility; action may not be maintained because neither the State nor its agencies are considered persons for a cause of action under 42 U.S.C. § 1983).

For these reasons, the Court will grant Delaware Psychiatric Center's motion to dismiss as it is immune from suit.

**42 U.S.C. § 1983**

To the extent Plaintiff seeks to raise a § 1983 claim, it fails. As discussed above, the Complaint does not raise constitutional violations. In addition, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). There are no allegations that Dover Behavioral Health acted under color of law and, therefore, its dismissal as to the § 1983 claims is appropriate.

5

Dr. Mirza is mentioned in Plaintiff's medical records as providing him care when Plaintiff was hospitalized at the Delaware Psychiatric Center and, therefore, he could be considered a state actor. However, the claims against him are time-barred.

Plaintiff commenced this action on November 4, 2015. (D.I. 1). Plaintiff's medical records, attached to the Complaint, are from 2007 and 2008. Although the Complaint states that acts took place in 2007 and 2015 (D.I. 1 at 4), neither the allegations in the Complaint, nor the medical records submitted as exhibits, make reference to any acts occurring in 2015.

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." *Id.* Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. *See Smith v. State*, 2001 WL 845654, at *2 (D. Del. 2001).

Plaintiff's claims are time-barred as is evident from the face of the Complaint. In addition, all claims that accrued prior to November 4, 2013 are time-barred. Therefore, the Court will grant the motions to dismiss the § 1983 claims as time-barred. Plaintiff will be given leave to amend the § 1983 claims given that his Complaint, though deficiently pled, alleges wrongful acts took place in 2015.

6

**Affidavit of Merit**

Dover Behavioral Health and Dr. Mirza moves to dismiss the medical negligence claims on the grounds that Plaintiff failed to file an affidavit of merit in support of his Complaint as is required under 18 Del. C. § 6853. In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. *See* 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce expert medical testimony detailing: "(1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury." *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)).

To the extent Plaintiff alleges medical negligence, at the time he filed the Complaint he was required to submit an affidavit of merit as to each defendant, signed by an expert witness. *See* 18 Del. C. § 6853(a)(1). He failed to do so. Therefore, the Court will grant the motions to dismiss the medical negligence claims. In addition, similar to the § 1983 claims, any medical negligence claims that occurred prior to November 4, 2013 are barred by a two-year limitation period. *See* 18 Del. C. § 6856. Plaintiff, however, will be given leave to amend the medical negligence claim as his Complaint, though deficiently pled, alleges wrongful acts took place in 2015.

**Motion for Summary Judgment**

The Court will dismiss Plaintiff's motion for summary judgment without prejudice as premature. (D.I. 35). The Complaint fails to state cognizable claims and discovery has not commenced. The Court will dismiss, as moot, Dover Behavioral Health's

7

motion to strike Plaintiff's submissions in support of his motion for summary judgment. (D.I. 56)

**Motions for Contempt**

Plaintiff's motions to hold non-parties and Defendants in contempt are without merit, and they will be denied. (D.I. 24, 25, 26, 27)

**Motion to Quash/Motion to Stay Discovery**

Plaintiff has served, or attempted to serve, subpoenas on Defendants and non-parties. (See D.I. 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 29, 30, 31, 32, 33, 34, 42, 49, 57). Dover Behavioral Health moves to quash all subpoenas and to stay discovery until resolution of the dispositive motions. (D.I. 38). Plaintiff opposes the motion (see D.I. 41), but failed to provide notice to Dover Behavioral Health of his opposition as is required by the Federal Rules of Civil Procedure.[1] Dover Behavioral Health moves to strike the response. (D.I. 44). The Court will dismiss as moot the motion to strike.

Under Fed. R. Civ. P. 26(d)(1), a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Under Rule 26(f), the parties are required to confer at least 21 days before a scheduling conference is to be held or a scheduling order is due under the Rule 16. No Rule 16 scheduling conference has been ordered or scheduled by the Court, and no due date has been set for a scheduling order. Further, as will be discussed, if, or until, Plaintiff files an appropriate amended complaint, the Court will not be able to evaluate whether it has jurisdiction over this action. Therefore, the Court will grant the motion to quash all

---

[1] Plaintiff is admonished to comply with Federal Rules of Civil Procedure.

8

subpoenas and to stay discovery. See *Kabbaj v. Simpson*, 2013 WL 867751, at *4 (D. Del. Mar. 7, 2013) (court *sua sponte* quashes subpoenas obtained by plaintiff served in absence of Rule 16 scheduling conference or case management order authorizing discovery), *report and recommendation adopted*, 2013 WL 1405948 (D.Del. Apr. 8, 2013). The parties may not engage in discovery until the stay is lifted by the Court.

**Amendment**

Plaintiff has filed two motions for leave to amend along with a proposed amended complaint. (D.I. 61, 63). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. See *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Plaintiff's proposed amended complaint does not cure his pleading defects. Therefore, the Court will deny the motions without prejudice. (D.I. 61, 63).

However, given Plaintiff's *pro se* status and, as discussed above, the possibility that he may be able to articulate a claim, he will be given an opportunity to amend his pleading, but only to the extent that the claims are not time-barred, defendants are not immune from suit, and this Court has jurisdiction. See *O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007). Plaintiff is placed on notice that the Court will strike and will not consider any amended complaint that fails to comply with the foregoing requirements.

## CONCLUSION

For the above reasons, the Court will: (1) grant Defendants' motions to dismiss (D.I. 8, 10, 23); (2) deny Plaintiff's motions to hold non-parties and defendant(s) in contempt (D.I. 24, 25, 26, 27); (3) dismiss Plaintiff's motion for summary judgment without prejudice as premature (D.I. 35); (4) grant Dover Behavioral Health's motion to quash all subpoenas and to stay discovery (D.I. 38); (5) dismiss as moot Dover Behavioral Health's motion to strike (D.I. 44); (6) dismiss as moot Dover Behavioral Health's motion to strike (D.I. 56); and (7) deny without prejudice Plaintiff's motion for leave to amend (D.I. 61, 63). Plaintiff will be given leave to amend as set forth in the body of this Memorandum Opinion.

An appropriate order will be entered.