IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MATTHEW JONES,                          :
                                        :
      Plaintiff,                      :
                                        :
v.                                      :   Civ. No. 15-1017-RGA
                                        :
DR. KHALID MIRZA, et al.,               :
                                        :
      Defendants.                     :

---

Matthew Jones, Greenwood, Delaware. *Pro Se* Plaintiff.

Richard Galperin, Esquire, and Joshua H. Meyeroff, Esquire, Morris James LLP, Wilmington, Delaware. Counsel for Defendant Khaled Mirza, M.D.

Dawn C. Doherty, Esquire, and Emily K. Silverstein, Esquire, Marks, O'Neill, O'Brien, Doherty & Kelly, P.D., Wilmington, Delaware. Counsel for Defendant Dover Behavioral Health.

**MEMORANDUM OPINION**

January 10, 2017
Wilmington, Delaware

*[signature]*
ANDREWS, U.S. District Judge:

Plaintiff Matthew Jones, who appears *pro se,* filed this action on November 4, 2015, against Dr. Khaled Mirza (improperly named as Dr. Khalid Mirza) and Dover Behavioral Health System (improperly named as Dover Behavioral Health Hospital). The original complaint was dismissed on August 8, 2016, and Plaintiff was given leave to amend only to the extent that he raise claims that are not time-barred, Defendants are not immune from suit, and the Court has jurisdiction.[1] Plaintiff filed an Amended Complaint on August 17, 2016. (D.I. 72). He asserts jurisdiction by reason of a U.S. government defendant. Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(5), and 12(b)(6). Briefing on the matter is complete.

## BACKGROUND

The Amended Complaint (D.I. 72) indicates the basis for jurisdiction is the U.S. government as a defendant. Plaintiff alleges that during the fall-winter of 2015, he was forcefully confined, many times, at Dover Behavioral Health where he was deprived of his due process rights and given large amounts of inappropriate medication that damaged his health and threatened his life. (*Id.* at 4, 5). Plaintiff alleges assault by reason of forceful injections that he did not need, that Defendants: (1) wrote emails that slandered him, (2) "repeatedly committed conspiracy against [his] rights," (3) repeatedly made false statements about health care; (4) repeatedly attempted murder; (5) and violated numerous federal criminal statutes. The Amended Complaint refers to Defendants as State actors.

---

[1] The August 8, 2016 memorandum opinion and order dismissed Defendant Delaware Psychiatric Center (improperly named as Delaware Psychiatric Hospital). (D.I. 70, 71).

Medical records attached to the Amended Complaint indicate that Plaintiff was hospitalized at Dover Behavioral Health System from September 24, 2015 through October 8, 2015 when he was discharged. (D.I. 73). He was seen by Dr. Mirza and other physicians during that time. (*Id.*). Plaintiff was involuntarily hospitalized a second time from October 19, 2015 through November 3, 2015 and seen by Dr. Mirza, as well as other physicians, during the second hospitalization. (*Id.*).

The Amended Complaint alleges that Defendants' acts caused Plaintiff physical harm. He seeks compensatory damages.

## STANDARDS OF LAW

**Rule 12(b)(1)**. Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Constitution Party of Pa. v. Aichele,* 757 F.3d 347, 357-58 (3d Cir. 2014). In reviewing a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* at 358 (quoting *In re Schering Plough Corp. v. Intron,* 678 F.3d 235, 243 (3d Cir. 2012)). In reviewing a factual attack, the court may consider evidence outside the pleadings. *Mortensen v. First Fed. Sav. and Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977).

**Rule 12(b)(5)**. A defendant may file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) when a plaintiff fails to properly serve him or her with the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5). A plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P.

4(c)(1). Rule 4(m) imposes a time limit[2] for perfection of service following the filing of a complaint. Fed. R. Civ. P. 4(m). If service is not completed within that time, the action is subject to dismissal without prejudice. *Id. See also MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995).

**Rule 12(b)(6)**. Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) for any well-pleaded factual allegations, assume their veracity and then

---

[2] When Plaintiff filed this action on November 4, 2015, the time limit for service was 120 days. Rule 4(m) was amended effective December 1, 2015, to make the time limit 90 days.

3

determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).

Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(1), (5) and (6) on the grounds that: (1) Plaintiff failed to serve them with the Amended Complaint and its exhibits; (2) the Court lacks jurisdiction; (3) the medical claims do not rise to the level of constitutional violations; (4) to the extent Plaintiff raises medical negligence, he failed to comply with Delaware's statutory requirements; (5) the claims are time-barred; (6) the Amended Complaint improperly reinstates 42 U.S.C. § 1983 claims and is deficient in suggesting that Defendants are State actors; (7) there are no plausible claims for relief; and (8) the claims are frivolous. (D.I. 74).

As Defendants point out in their replies (D.I. 76, 77), Plaintiff's opposition (D.I. 75) does not address Defendants' grounds for dismissal. Instead it refers to his mother

4

(a non-party) and medical treatment she received from Dr. Mirza. Plaintiff's sur-reply[3] addresses the grounds for dismissal and contends that: (1) the parties were properly served, (2) Defendants committed attempted murder and assault with deadly force and lesser included crimes, (3) he does not allege medical malpractice as Defendants committed intentional acts; (4) Defendants violated federal criminal statutes and there is no statute of limitations on these claims; and (5) Defendants are "government actors." (D.I. 78).

## DISCUSSION

As currently pled, the Amended Complaint does not raise a federal question. The Amended Complaint alleges jurisdiction by reason of a U.S. government defendant, but no such defendant has been named. While the Amended Complaint invokes numerous federal criminal statues, 18 U.S.C. §§ 241, 242, 245, 246, 249, 351(e), 1113, 1117, and 2340A, they do not serve to vest this court with jurisdiction and Plaintiff lacks standing to proceed under those statutes. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979).

---

[3]Plaintiff's sur-reply was filed in violation of D. Del. LR 7.1.2(b), which provides that following the filing of a reply, no additional papers shall be filed absent Court approval. The Court, however, considers the sur-reply given Plaintiff's status as a *pro se* litigant.

In addition, the Court does not have jurisdiction by reason of diversity. The Complaint states that Plaintiff and Defendants are citizens of the State of Delaware and, therefore, the requisites for diversity jurisdiction are not met. *See* 28 U.S.C. § 1332(a)(1) (for diversity jurisdiction the matter in controversy must be between citizens of different States). Accordingly, because the Court lacks subject matter jurisdiction over this matter, dismissal pursuant to Rule 12(b)(1) is appropriate.

To the extent, the Amended Complaint attempts to again raise constitutional claims pursuant to 42 U.S.C. § 1983 with regard to Plaintiff's two hospitalizations[4] at Dover Behavioral Health System, it alleges conclusorily that Defendants are State actors. The Court takes judicial notice that Dover Behavioral Health System is a private psychiatric facility providing behavioral health care services to adults and adolescents and that Dr. Mirza is one of its staff psychiatrists. *See* http://www.uhsinc.com/behavioral-health/ (Jan. 9, 2017); http://www.doverbehavioral.com/about-dover-behavioral-health/meet-our-medical-staff/ (Jan. 9, 2017). When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Finally, after thoroughly reviewing the Amended Complaint, the Court draws on its judicial experience and common sense and finds that the allegations are not plausible on their face. Indeed, the Amended Complaint consists of fantastical or

---

[4]Plaintiff makes it clear in his sur-reply that he does not allege medical negligence claims. (*See* D.I. 78 at 6).

6

delusional claims that are clearly baseless, frivolous, and fail to state claims upon which relief may be granted. Therefore, dismissal pursuant Rule 12(b)(6) is also appropriate.

## CONCLUSION

For the above reasons, the Court will grant Defendants' motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6).[5] (D.I. 74). Amendment is futile.

An appropriate order will be entered.

---

[5]The Court sees no need to address whether dismissal pursuant to Rule 12(b)(5) is appropriate.